

Seyfarth Shaw LLP

620 Eighth Avenue
New York, New York 10018
T (212) 218-5500
F (212) 218-5526

kbitar@seyfarth.com
T (212) 218-5261

www.seyfarth.com

October 16, 2020

**VIA ECF**

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Doe v. Poly Prep Country Day School**
              **Case No. 20-cv-04718-KAM-SMG**

Dear Judge Miyamoto:

    This Firm represents Defendant Poly Prep Country day School ("Poly") in the above-referenced action. We write pursuant to Your Honor's Individual Rules, and with agreement from Plaintiff, to respectfully request a pre-motion conference regarding Defendants' intended motion to dismiss the Complaint under the due process clause of the New York State Constitution and pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, to strike certain allegations from the Complaint. Per agreement with counsel for Plaintiff, we also respectfully request an extension of Defendants' time to answer or otherwise respond to the Complaint so as to accommodate the requested conference.

    This action was initially filed in State court. Poly was served with the Summons and Complaint on November 19, 2019, and timely moved to dismiss (or, in the alternative, to strike certain allegations) in New York State Court on August 5, 2020. Plaintiff filed his opposition to Poly's motions on August 19, 2020, and Poly filed its reply in further support on August 28, 2020. Prior to a decision on Poly's motions, on September 4, 2020, Plaintiff served his Responses to Common Demand for Verified Bill of Particulars Directed at Plaintiffs (the "VBP"). The VBP identified, for the first time, that Plaintiff sought an amount of damages in excess of $75,000. On October 2, 2020, Poly timely removed the case to this Court. Poly has conferred with counsel for Plaintiff, which does not intend to contest the removal.

    Plaintiff commenced this action pursuant to the New York Child Victim Act ("CVA"), which created a two-year revival window for previously time-barred childhood sexual abuse claims. *See* CPLR 214-g. In the Complaint, Plaintiff alleges that, between 1974 and 1976, he was sexually abused by John Miller ("Miller"), now deceased, who was his humanities teacher while he attended Poly. The Complaint contains Nine separate counts against Poly as follows: (1) negligent hiring, supervision, retention, and direction; (2) inadequate security; (3) breach of duty *in loco parentis*; (4) breach of fiduciary duty; (5) breach of non-delegable duty; (6) assault;



(7) battery, (8) intentional infliction of emotional distress, (9) negligent infliction of emotional distress.

As Poly has laid out in its briefing in State court, and intends to explain in a motion to dismiss in this Court, as horrific as Plaintiff's allegations of sexual abuse may be, Plaintiff's Complaint should be dismissed because (a) the CVA's revival window violates the Due Process clause of the New York State Constitution and (b) in any event, Plaintiff's claims, asserted against Poly as an employer institution, fail to satisfy the minimum pleading requirements for each claim.

First, Plaintiff's claims should be dismissed because the CVA impermissibly revives a long-expired statute of limitations in violation of Defendants' due process rights under the New York State Constitution.  The New York State Court of Appeals has long interpreted the New York Constitution as permitting revival of time-barred claims only where a plaintiff had a total and practical inability to have brought his or her claim in a timely manner.  *See In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 30 N.Y.3d 377, 399–400 (2017).  Based on the allegations of the Complaint, Plaintiff did not have a total and practical inability to timely bring his claims of sexual abuse.  *See Zumpano v. Quinn*, 6 N.Y.3d 666, 675 (2006).

Second, and in any event, Plaintiff's various claims should be dismissed based on Plaintiff's failure to state any claim. Plaintiff's claims in Count One of negligent hiring, supervision, retention, and direction, and all of his direct tort claims, fail because the Complaint is bereft of any allegations concerning any knowledge by Poly of a relevant propensity on the part of Millerto commit the types of acts alleged—a necessary element for such claim under New York law.  *See, e.g.*, *Jackson v. New York Univ. Downtown Hosp.*, 69 A.D.3d 801, 801–02 (2d Dep't 2010). Plaintiff's Counts Two, Three, and Five, inadequate security, breach of duty *in loco parentis*, and breach of "non-delegable" duty, fail because there are no such independent causes of action in New York. His Count Four, breach of fiduciary duty, fails because a school does not owe a fiduciary duty to its students. *See Gomez-Jimenez v. New York Law School*, 103 A.D. 3d 13, 18-19 (1st Dep't 2012). Counts Six and Seven, for assault and battery, fail because, under New York law, Poly cannot be held vicariously liable, under a theory of respondeat superior, for the alleged personally-motivated tortious conduct and acts of sexual abuse of Miller, its employee. *N.X. v. Cabrini Med. Ctr.*, 97 N.Y. 2d 247, 252-53 (2002). Counts Eight and Nine, for intentional and negligent infliction of emotional distress, also fail, as Plaintiff has failed to plead the necessary elements to those claims. Furthermore, Plaintiff's Second through Fifth, Eighth, and Ninth Counts are all based on the same factual allegations and seek the same relief as Plaintiff's first pleaded claim for negligent hiring, supervision, and retention, and should be dismissed as impermissibly duplicative. Plaintiff's claim for punitive damages must also be dismissed because Plaintiff has failed to plead allegations that Poly acted with Malice or authorized the alleged abuse. Finally, in the alternative, paragraphs 3, 4, 10-19, 28, 30, and 72 of the Complaint should be stricken for containing prejudicial and immaterial allegations regarding alleged sexual abuse committed by an entirely different individual against entirely different Poly students.



      We look forward to further discussing Defendants' intended motion with the Court during the pre-motion conference.

Respectfully,

SEYFARTH SHAW LLP

*/s/ Karen Y. Bitar*

Karen Y. Bitar

cc:    Counsel of Record (via ECF)